UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GREGORY J. REED,

    Appellant,

Case No. 16-cv-11614
Hon. Matthew F. Leitman

v.

VERLADIA BLOUNT,

    Appellee.

_____/

**ORDER AFFIRMING RULING OF BANKRUPTCY COURT DENYING DEBTOR/APPELLANT GREGORY REED'S OBJECTION TO PROOF OF CLAIM NUMBER 2 FILED BY CLAIMANT/APPELLEE VERLADIA BLOUNT**

**BACKGROUND**

Debtor/Appellant Gregory Reed ("Reed") and Claimant/Appellee Verladia Blount ("Blount") were married in 1975. In 2000, Blount filed for divorce, and in 2003, the Wayne County Circuit Court entered a Final Judgment of Divorce. Reed appealed that judgment, and the Michigan Court of Appeals reversed in part and remanded for further proceedings. Following remand, the Wayne County Circuit Court conducted additional proceedings, and on March 17, 2008, that court issued a second Final Judgment of Divorce (the "Operative Final Judgment"). (*See* ECF #6 at 82-87, Pg. ID 96-101.) Neither party appealed the Operative Final Judgment.

1

The Operative Final Judgment provided, among other things, that Blount was entitled to a "monetary award . . . in the amount of $225,000." (*See id.* at ¶ 5, ECF #6 at 84-85, Pg. ID 98-99.) This amount equated to 50% of the equity in the marital home (located on Burns Avenue in Detroit). (*See id.*) The Operative Final Judgment also awarded Blount "an additional $5,000 as a result of the additional sanctionable conduct of Gregory Reed." (*Id.* at ¶ 6, ECF #6 at 85, Pg. ID 99.) The relevant passages of the Operative Judgment provided as follows:

> 5. Verladia Reed [Blount] is awarded 50% of the equity in the marital home, and the date of determination of that equity is the date of Judge Kathleen Macdonald's opinion, April 28, 2003. This equates to and is hereby deemed a separate monetary award in favor of Verladia Reed in the amount of $225,000. As the proceeds from the Springfield property sales are insufficient to satisfy this award, it is enforceable against and payable from, and Verladia Reed is hereby granted a lien in that amount against, any of Gregory Reed's assets.
>
> 6. Verladia Reed is awarded an additional $5,000.00 as a result of the additional sanctionable conduct of Gregory Reed, . . . . As there are insufficient proceeds from the Springfield property sales to satisfy this award, it is enforceable against and payable from, and Verladia Reed is hereby granted a lien in that amount against, any of Gregory Reed's assets.

(*Id.* at ¶¶ 5-6, ECF #6 at 84-85, Pg. ID 98-99.)

On August 28, 2014, Reed filed for bankruptcy under Chapter 7 of the Bankruptcy Code.

On December 15, 2014, Blount filed a proof of claim in Reed's bankruptcy in the amount of $230,000 for "support and sanctions *per court order*" (hereinafter the "Proof of Claim No. 2"). (Bankruptcy Case No. 14-53838, Claim #2-1; emphasis added.) Blount attached a copy of the Final Operative Judgment to her Proof of Claim No. 2. (*See id.* at 4-10.)

Reed subsequently filed an objection to Blount's Proof of Claim No. 2. (*See* Bankr. Ct. Dkt. #418.) In its entirety, the objection provided as follows:

> 1. On or about December 15, 2014, Verladia Blount filed a proof of claim in this matter for $230,000 alleging that the claim relates to support and sanctions owed per court order.
>
> 2. The claim is not valid for the reason that the obligation was previously satisfied consistent with the terms of the May 16, 2003 Judgment of Divorce dat. [sic]
>
> 3. The claim was previously satisfied and acknowledged by Verladia Blount by execution of a Quit Claim Deed which released any interest claimed under Judgment of Divorce.
>
> 4. Creditor's Quit Claim Deed executed March 28, 2005 released Claimant's equitable interest.
>
> 5. Payments to Blount in connection with the sale of property awarded solely to Debtor have never been reconciled and has resulted to an overpayment to Blount.

3

(*Id.*)

On March 15, 2016, the Bankruptcy Court entered an Order Denying Debtor's Objection to Proof of Claim No. 2. (*See* Bankr. Ct. Dkt. #481.) That order allowed Blount's claim in the amount of $230,000. (*See id.*)

Reed then moved for reconsideration. (*See* Bankr. Ct. Dkt. #488.) Reed attached to his motion for reconsideration documents that supposedly showed that he already paid Blount the amount underlying Proof of Claim No. 2. But he had not included these documents with his initial objection, nor did he submit them to the Bankruptcy Court before that court denied his objection.

The Bankruptcy Court denied Reed's motion for reconsideration by Order and a separate Opinion issued on April 21, 2016 (the "April 21 Opinion"). (*See* Bankr. Ct. Dkt. ## 506, 507.)

Reed timely appealed the Bankruptcy Court's orders denying his objection to Blount's Proof of Claim No. 2 and denying his motion for reconsideration.

## **ANALYSIS**

Reed's appellate brief reads like a trial court filing. It includes *no* discussion the rulings from which he appeals. Reed has neither acknowledged the basis of the Bankruptcy Court's reasoning nor attempted to show an error in that court's analysis.

It is clear to this Court that the Bankruptcy Court spent a considerable amount of time analyzing Reed's arguments, and the April 21 Opinion persuasively explains why Reed is not entitled to the relief he seeks. This Court adopts the April 21 Opinion as its own and adds the following analysis in response to Reed's perfunctory arguments on appeal.

### A

Reed first argues that the Bankruptcy Court should have sustained his objection to Blount's Proof of Claim No. 2 because he has already paid to Blount the amounts that she seeks to recover via that claim. In support, he cites three documents (or groups of documents) from 2003 that supposedly show that payment. But, as described above, Reed did not submit these documents in support of his initial objection to Blount's Proof of Claim No. 2, and, indeed, he did not submit them until he filed his motion for reconsideration of the Bankruptcy Court's order denying his objection to Blount's claim. That was too late. A motion for reconsideration may not present "information readily available during the prior proceedings," nor may such a motion "be employed as a vehicle to introduce new evidence that could have been adduced during [the] pendency of the summary judgment motion." *American Marietta Corp. v. Essroc Cement Corp.,* 59 Fed. App'x 668, 672 (6th Cir. 2003). Reed cannot rely on these documents to show error in either of the orders from which he appeals.

In any event, the documents on which Reed relies do not prove that he has already paid Blount the amount that is the subject of her Proof of Claim No. 2. As described above, in that claim Blount is seeking funds awarded to her in the Operative Final Judgment that was entered in 2008. The documents cited by Reed were created in 2003 – five years *before* the Wayne County Circuit Court entered the Operative Final Judgment. Given that timing, the documents do not prove that Reed paid Blount the funds that are the subject of her Proof of Claim No. 2.

**B**

Reed next argues that Blount released the claim underlying her Proof of Claim No. 2 in 2005 when she executed a Quit Claim Deed conveying her interest in the marital residence to him. But, again, Reed's timing does not work. Blount's Proof of Claim No. 2 is based upon the Operative Final Judgment that was entered in 2008. She could not and did not release a claim under that judgment by executing a deed three years earlier.

**C**

Reed's third argument – which is his real "beef" – is that the Wayne County Circuit Court lacked jurisdiction to award Blount $230,000 in the 2008 Operative Final Judgment. Reed argues that the issues underlying that award – which related to equity in the marital property – were resolved by the judgment entered by the circuit court in 2003 and were not disturbed in the Michigan Court of Appeals'

2005 ruling. Thus, Reed concludes that when the circuit court entered the Operative Final Judgment in 2008 following remand from the Michigan Court of Appeals, that court lacked the authority to enter an award related in any way to equity in the marital property.

Reed makes this argument to the wrong court. If the Wayne County Circuit Court erred when it entered the Operative Final Judgment, Reed should have appealed that judgment to the Michigan Court of Appeals. He did not. He cites no on-point authority for the proposition that he may collaterally attack the Operative Final Judgment in a federal court eight years after it was entered.[1] The Bankruptcy Court persuasively demonstrated that he may not launch such an attack here. Thus, in these proceedings, Reed cannot escape the provision of the Operative Final Judgment requiring him to pay $230,000 to Blount.

## D

Finally, Reed argues that the statute of limitations with respect to Blount's Proof of Claim No. 2 has expired. In support, he cites a Michigan statute, M.C.L. § 600.5809(3), which provides that an action founded upon a judgment of a Michigan state court must be commenced within ten years following entry of the

---

[1] Reed argues that a "void" judgment may be collaterally attacked at any time. In support, he cites a Seventh Circuit case applying Illinois law and a district court decision applying Illinois law. (*See* ECF #7 at 15-16, Pg. ID 346-47.) But Reed has failed to show that the Operative Final Judgment was "void" – as opposed to being merely erroneous – and thus subject to collateral attack.

7

judgment. But he did not raise the statute of limitations in his objection to Blount's Proof of Claim No. 2 and may not do so now. In any event, the statute cited by Reed does not help him because Blount's Proof of Claim No. 2 is based upon a judgment – the Operative Final Judgment – that was entered in 2008. She filed Proof of Claim No. 2 less than ten years after entry of that judgment, and within the applicable limitations period.

## E

Reed has failed to show any error in the orders from which he appeals. Accordingly, **IT IS HEREBY ORDERED** that the Bankruptcy Court's Order Denying Debtor's Objection to Proof of Claim No. 2 (Bankr. Ct. Dkt. #481) and Order and Opinion Denying Debtor's Motion for Reconsideration (Bankr. Ct. Dkt. ## 506, 507) are **AFFIRMED**.

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: July 7, 2016

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on July 7, 2016, by electronic means and/or ordinary mail.

s/Holly A. Monda
Case Manager
(313) 234-5113